UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YU HIN CHAN,

    Plaintiff,

  v.

JOY CAMPANELLI et al.,

    Defendants.

Case No. 1:25-cv-697

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

### ORDER

In her October 6, 2025, Report and Recommendation (R&R, Doc. 5, #14–15) Magistrate Judge Litkovitz, after screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), recommends the Court dismiss Plaintiff's Complaint because it fails to state a claim upon which relief may be granted. For the reasons stated more fully below, the Court agrees with and **ADOPTS** the recommendation (Doc. 5) and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff's Complaint contains only three allegations: (1) "[t]he current owner of the apartment where Plaintiff resides is Re/Max, pursuant to an affidavit from former owner"; (2) "[d]efendants conspired together and deprived Plaintiff of due process"; and (3) "[t]his Court has jurisdiction under the RICO Act." (Doc. 1-1, #4). And for a prayer of relief, "Plaintiff demands $1 Billion against Defendants." (*Id.*). Plaintiff's affidavit declares them a resident of Brooklyn, New York, (Doc. 1, #3), but Plaintiff does not allege the residence of any of the Defendants.

Because Plaintiff sought to proceed in forma pauperis, the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On October 6, 2025, Magistrate Judge Litkovitz granted Plaintiff's request to proceed in forma pauperis. (Doc. 3). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued her R&R recommending the dismissal of Plaintiff's Complaint for failure to state a claim. (Doc. 5, #14). The Magistrate Judge found that "Plaintiff's pro se complaint contains insufficient factual detail from which this Court can discern any plausible claim against any of the individual defendants." (*Id.* at #13). And that Plaintiff's "conclusory allegations of conspiracy are insufficient to state a claim for relief." (*Id.* at #13–14 (citing *Hamilton v. City of Romulus*, 409 F.App'x 826, 835 (6th Cir. 2010)). Nor do they provide the Defendants fair notice of what the claim is. (*Id.* at #14). Additionally, the Magistrate Judge found that that nothing in the sparse facts granted the court subject matter jurisdiction. (*Id.* at #13–14). The Plaintiff alleged no "actionable claim for relief" for federal question jurisdiction under 28 U.S.C. § 1331, nor did he allege diversity of citizenship for jurisdiction under 28 U.S.C. § 1332(a). (*Id.*).

Accordingly, the R&R recommended dismissal, but did not specify whether the dismissal should be with or without prejudice. (*Id.* at #14). Finally, under 28 U.S.C. § 1915(a), Magistrate Judge Litkovitz found that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommended denying Plaintiff leave to appeal in forma pauperis. (*Id.* at #14–15).

The R&R also advised Plaintiff that he had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #16 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Plaintiff needed to object by October 20, 2025. Plaintiff did not do so.

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up)

For any unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to that review. *Berkshire*, 928 F.3d at 530. Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

3

Here, Plaintiff has not objected to the R&R. And, having reviewed the R&R, the Court concludes that the Magistrate Judge did not commit clear error. The Court agrees that Plaintiff has failed to state a claim. That compels dismissal of Plaintiff's Complaint. Because this is a pleading defect that potentially could be cured through additional allegations, however, the Court dismisses this claim without prejudice.

## CONCLUSION

The Court finds no clear error and adopts the R&R in its entirety. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

October 22, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**